IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT,
IN AND FOR ST. JOHNS COUNTY, FLORIDA

RAYNA ORRICK,

    Plaintiff,

v.

CASE NO.:

**552025CA000787A000MX**

BUC-EE'S FLORIDA, LLC,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, RAYNA ORRICK ("Plaintiff"), by and through her undersigned counsel, and hereby sues Defendant, BUC-EE'S, FLORIDA, LLC ("BUC-EE'S")., and in support thereof, alleges the following:

### GENERAL ALLEGATIONS

1. This is an action for damages that exceeds Fifty Thousand Dollars ($50,000.00), exclusive of interest, costs, and attorney's fees.

2. At all times material to this action, Plaintiff was a natural person residing in Broward County, Florida.

3. At all times material to this action, Defendant, BUC-EE'S, was a Florida Profit Corporation authorized and licensed to conduct and transact business in the State of Florida, specifically in St. Johns, Florida.

4. At all times material to this action, Defendant, BUC-EE'S, maintained agents and/or representatives in St. Johns County, Florida, for purposes of carrying out its business.

1

5. At all times material to this action, Defendant, BUC-EE'S, either owned, possessed, controlled, operated, managed, and/or maintained the parking lot located at 200 World Commerce Parkway, St. Augustine, Florida 32092.

6. On or about July 15, 2023, Plaintiff was lawfully walking in the parking lot located at 200 World Commerce Parkway, St. Augustine, Florida 32092, for a purpose directly or indirectly connected to Defendant, BUC-EE'S'S business located on said premises.

7. At all times material to this action, Plaintiff was not prohibited from entering and/or being in the parking lot on the subject premises located at 200 World Commerce Parkway, St. Augustine, Florida 32092.

8. At all times material to this action, Plaintiff did not remain in the parking lot on the subject premises located at 200 World Commerce Parkway, St. Augustine, Florida 32092, for an unreasonable amount of time.

9. All conditions precedent to the filing and/or maintenance of this action against Defendant, BUC-EE'S, have been performed, substantially performed, occurred, excused, and/or waived.

10. Venue is proper in St. Johns County, Florida.

11. Jurisdiction is proper in St. Johns County Circuit Court.

## COUNT I

### NEGLIGENCE CLAIM AGAINST DEFENDANT, BUC-EE'S, FLORIDA, LLC

12. Plaintiff hereby adopts and realleges paragraphs one through eleven (1-11) above, as though fully set forth and incorporated herein.

13. At all times material to this action, Defendant, BUC-EE'S, owed a duty of care and a non-delegable duty of care to the Plaintiff, as an invitee, to maintain the parking lot on the

2

subject premises located at 200 World Commerce Parkway, St. Augustine, Florida 32092, in a reasonably safe condition.

14. At all times material to this action, Defendant, BUC-EE'S, owed a duty of care and a non-delegable duty of care to the Plaintiff, as an invitee, to correct any dangerous condition(s) in the parking lot on the subject premises located at 200 World Commerce Parkway, St. Augustine, Florida 32092, about which Defendant, BUC-EE'S, either knew or should have known, by the use of reasonable care.

15. At all times material to this action, Defendant, BUC-EE'S, owed a duty of care and a non-delegable duty of care to the Plaintiff, as an invitee, to warn of any dangerous condition(s) in the parking lot on the subject premises located at 200 World Commerce Parkway, St. Augustine, Florida 32092, about which Defendant, BUC-EE'S, had, or should have had, knowledge greater than that of the Plaintiff.

16. At all times material to this action, Defendant, BUC-EE'S, owed a duty of care and a non-delegable duty of care to the Plaintiff, as an invitee, to remedy any dangerous condition(s) in the parking lot on the subject premises located at 200 World Commerce Parkway, St. Augustine, Florida 32092, about which Defendant, BUC-EE'S, had actual and/or constructive knowledge.

17. Notwithstanding, Defendant, BUC-EE'S, breached its duties of care owed to the Plaintiff, as an invitee, in one or more of the following manners:

    a. Negligently creating a dangerous condition in the parking lot on the subject premises located at 200 World Commerce Parkway, St. Augustine, Florida 32092, by failing to clean up and/or remove any wet and/or slippery substances from the ground surface, which made for an unstable

        surface condition to traverse, thus creating a foreseeable zone of risk to customers who attempt to traverse through the parking lot when the ground surface is wet and/or slippery.

b. Negligently creating a dangerous condition in the parking lot on the subject premises located at 200 World Commerce Parkway, St. Augustine, Florida 32092, by allowing wet and/or slippery substances to remain on the ground surface, which made for an unstable surface condition to traverse, thus creating a foreseeable zone of risk to customers who attempt to traverse through the parking lot when the ground surface is wet and/or slippery.

c. Negligently creating a dangerous condition in the parking lot on the subject premises located at 200 World Commerce Parkway, St. Augustine, Florida 32092, by painting or re-painting the ground surface of the parking lot without skid-resistant and/or anti-slip paint, which made for an unstable surface condition to traverse, thus creating a foreseeable zone of risk to customers who attempt to traverse through the parking lot when the ground surface is wet and/or slippery.

d. Negligently creating a dangerous condition in the parking lot on the subject premises located at 200 World Commerce Parkway, St. Augustine, Florida 32092, by not painting or re-painting the ground surface of the parking lot with skid-resistant and/or anti-slip paint, which would make for a stable surface condition to traverse, thus creating a foreseeable zone

of risk to customers who attempt to traverse through the parking lot when the ground surface is wet and/or slippery.

  e. Negligently creating a dangerous condition in the parking lot on the subject premises located at 200 World Commerce Parkway, St. Augustine, Florida 32092, by surfacing or re-surfacing the ground surface of the parking lot without skid-resistant and/or anti-slip materials, which made for an unstable surface condition to traverse, thus creating a foreseeable zone of risk to customers who attempt to traverse through the parking lot when the ground surface is wet and/or slippery.

  f. Negligently creating a dangerous condition in the parking lot on the subject premises located at 200 World Commerce Parkway, St. Augustine, Florida 32092, by not surfacing or re-surfacing the ground surface of the parking lot with skid-resistant and/or anti-slip materials, which would make for a stable surface condition to traverse, thus creating a foreseeable zone of risk to customers who attempt to traverse through the parking lot when the ground surface is wet and/or slippery.

  g. Negligently creating a dangerous condition in the parking lot on the subject premises located at 200 World Commerce Parkway, St. Augustine, Florida 32092, by failing to place any signage and/or cones in the parking lot where the ground surface was wet and/or slippery, or otherwise limiting and/or restricting access where the ground surface was wet and/or slippery, which made for an unstable surface condition to traverse, thus

creating a foreseeable zone of risk to customers who attempt to traverse through the parking lot when the ground surface is wet and/or slippery.

    h.    Negligently failing to maintain or adequately maintain the parking lot on the subject premises located at 200 World Commerce Parkway, St. Augustine, Florida 32092, in a reasonably safe condition, by failing to clean up and/or remove any wet and/or slippery substances from the ground surface, which made for an unstable surface condition to traverse, thus creating a foreseeable zone of risk to customers who attempt to traverse through the parking lot when the ground surface is wet and/or slippery.

    i.    Negligently failing to maintain or adequately maintain the parking lot on the subject premises located at 200 World Commerce Parkway, St. Augustine, Florida 32092, in a reasonably safe condition, by allowing wet and/or slippery substances to remain on the ground surface, which made for an unstable surface condition to traverse, thus creating a foreseeable zone of risk to customers who attempt to traverse through the parking lot when the ground surface is wet and/or slippery.

    j.    Negligently failing to maintain or adequately maintain the parking lot on the subject premises located at 200 World Commerce Parkway, St. Augustine, Florida 32092, in a reasonably safe condition, by painting or re-painting the ground surface of the parking lot without skid-resistant and/or anti-slip paint, which made for an unstable surface condition to traverse, thus creating a foreseeable zone of risk to customers who attempt

to traverse through the parking lot when the ground surface is wet and/or slippery.

k. Negligently failing to maintain or adequately maintain the parking lot on the subject premises located at 200 World Commerce Parkway, St. Augustine, Florida 32092, in a reasonably safe condition, by not painting or re-painting the ground surface of the parking lot with skid-resistant and/or anti-slip paint, which would make for a stable surface condition to traverse, thus creating a foreseeable zone of risk to customers who attempt to traverse through the parking lot when the ground surface is wet and/or slippery.

l. Negligently failing to maintain or adequately maintain the parking lot on the subject premises located at 200 World Commerce Parkway, St. Augustine, Florida 32092, in a reasonably safe condition, by surfacing or re-surfacing the ground surface of the parking lot without skid-resistant and/or anti-slip materials, which made for an unstable surface condition to traverse, thus creating a foreseeable zone of risk to customers who attempt to traverse through the parking lot when the ground surface is wet and/or slippery.

m. Negligently failing to maintain or adequately maintain the parking lot on the subject premises located at 200 World Commerce Parkway, St. Augustine, Florida 32092, in a reasonably safe condition, by not surfacing

7

or re-surfacing the ground surface of the parking lot with skid-resistant and/or anti-slip materials, which would make for a stable surface condition to traverse, thus creating a foreseeable zone of risk to customers who attempt to traverse through the parking lot when the ground surface is wet and/or slippery.

n. Negligently failing to correct any dangerous condition(s) in the parking lot on the subject premises located at 200 World Commerce Parkway, St. Augustine, Florida 32092, by not cleaning up and/or removing any wet and/or slippery substances from the ground surface, which made for an unstable surface condition to traverse, about which Defendant, BUC-EE'S, either knew or should have known, by the use of reasonable care, thus creating a foreseeable zone of risk to customers who attempt to traverse through the parking lot when the ground surface is wet and/or slippery.

o. Negligently failing to correct any dangerous condition(s) in the parking lot on the subject premises located at 200 World Commerce Parkway, St. Augustine, Florida 32092, by allowing wet and/or slippery substances to remain on the ground surface, which made for an unstable surface condition to traverse, about which Defendant, BUC-EE'S, either knew or should have known, by the use of reasonable care, thus creating a foreseeable zone of risk to customers who attempt to traverse through the parking lot when the ground surface is wet and/or slippery.

 p. Negligently failing to correct any dangerous condition(s) in the parking lot on the subject premises located at 200 World Commerce Parkway, St. Augustine, Florida 32092, by not painting or re-painting the ground surface of the parking lot with skid-resistant and/or anti-slip paint, which would make for a stable surface condition to traverse, about which Defendant, BUC-EE'S, either knew or should have known, by the use of reasonable care, thus creating a foreseeable zone of risk to customers who attempt to traverse through the parking lot when the ground surface is wet and/or slippery.

 q. Negligently failing to correct any dangerous condition(s) in the parking lot on the subject premises located at 200 World Commerce Parkway, St. Augustine, Florida 32092, by not surfacing or re-surfacing the ground surface of the parking lot with skid-resistant and/or anti-slip materials, which would make for a stable surface condition to traverse, about which Defendant, BUC-EE'S, either knew or should have known, by the use of reasonable care, thus creating a foreseeable zone of risk to customers who attempt to traverse through the parking lot when the ground surface is wet and/or slippery.

 r. Negligently failing to warn the Plaintiff that the ground surface of the parking lot on the subject premises located at 200 World Commerce Parkway, St. Augustine, Florida 32092, is not a stable surface condition to traverse when wet and/or slippery, about which Defendant, BUC-EE'S, had, or should have had, knowledge greater than that of the Plaintiff, thus

           creating a foreseeable zone of risk to customers who attempt to traverse through the parking lot when the ground surface is wet and/or slippery.

s.    Negligently failing to warn the Plaintiff that the ground surface of the parking lot on the subject premises located at 200 World Commerce Parkway, St. Augustine, Florida 32092, by failing to place any signage and/or cones in the area that was wet and/or slippery, or otherwise failing to limit and/or restrict access to the area that was wet and/or slippery, about which Defendant, BUC-EE'S, had, or should have had, knowledge greater than that of the Plaintiff, thus creating a foreseeable zone of risk to customers who attempt to traverse through the parking lot when the ground surface is wet and/or slippery.

t.    Negligently failing to devise and/or implement any policies and procedures or adequate policies and procedures for the purposes of identifying and correcting any dangerous condition(s) in the parking lot on the subject premises located at 200 World Commerce Parkway, St. Augustine, Florida 32092, which make for an unstable surface condition to traverse, thus creating a foreseeable zone of risk to customers who attempt to traverse through the parking lot when the ground surface is wet and/or slippery.

u.    Negligently failing to train its employees or adequately train its employees for purposes of identifying and correcting any dangerous condition(s) in the parking lot of the subject premises located at 200 World Commerce Parkway, St. Augustine, Florida 32092, which make for an unstable

     surface condition to traverse, thus creating a foreseeable zone of risk to customers who attempt to traverse through the parking lot when the ground surface is wet and/or slippery.

  v. Negligently failing to inspect and/or test or adequately inspect and/or test the parking lot on the subject premises located at 200 World Commerce Parkway, St. Augustine, Florida 32092, for the purposes of evaluating and assessing whether the ground surface makes for an unstable surface condition to traverse when wet and/or slippery, thus creating a foreseeable zone of risk to customers who attempt to traverse through the parking lot when the ground surface is wet and/or slippery.

18. As a result, while the Plaintiff was lawfully walking in the parking lot located at 200 World Commerce Parkway, St. Augustine, Florida 32092, she slipped and fell in an area where the parking lot lines and/or pavement was wet and/or slippery, resulting in the Plaintiff sustaining serious and permanent bodily injuries.

19. The dangerous condition(s) in the parking lot located at 200 World Commerce Parkway, St. Augustine, Florida 32092, were created by Defendant, BUC-EE'S, its agents, servants, and/or employees, and/or known to Defendant, BUC-EE'S, its agents, servants, and/or employees, and/or existed for a sufficient length of time that in the exercise of ordinary care, Defendant, BUC-EE'S, its agents, servants, and/or employees, knew or should have known of the dangerous condition(s), and/or the dangerous condition(s) occurred with regularity and was therefore foreseeable, and thus Defendant, BUC-EE'S, its agents, servants, and/or employees, should have taken action to remedy it, but failed to do so, thereby creating a foreseeable zone of risk to the public at-large, including the Plaintiff, when traversing the subject property.

20. The dangerous condition(s) associated with the parking lot located at 200 World Commerce Parkway, St. Augustine, Florida 32092, were neither open nor obvious.

21. As a direct and proximate result of Defendant, BUC-EE'S, failure to maintain the parking lot located at 200 World Commerce Parkway, St. Augustine, Florida 32092, in a reasonably safe condition, or in other words, due to Defendant, BUC-EE'S negligence and/or breach of its non-delegable duty of care, Plaintiff suffered injury(ies) in and about her body and extremities, resulting in pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation and/or activation of pre-existing injury(ies) and/or condition(s), pre-disposition to further bodily injury(ies), expense of hospitalization, medical and/or nursing services, care, and treatment, loss of earnings in the past and future, loss of the ability to earn in the future, loss of compensation in the past and future, transportation expenses, and out-of-pocket expenses. The losses are either permanent or continuing in nature and the Plaintiff will continue to suffer such losses in the future.

22. As a direct and proximate result of Defendant, BUC-EE'S failure to correct any dangerous condition(s) in the parking lot located at 200 World Commerce Parkway, St. Augustine, Florida 32092, about which Defendant, BUC-EE'S, either knew or should have known, by the use of reasonable care, or in other words, due to Defendant, BUC-EE'S negligence and/or breach of its non-delegable duty of care, Plaintiff suffered injury(ies) in and about her body and extremities, resulting in pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation and/or activation of pre-existing injury(ies) and/or condition(s), pre-disposition to further bodily injury(ies), expense of hospitalization, medical and/or nursing services, care, and

treatment, loss of earnings in the past and future, loss of the ability to earn in the future, loss of compensation in the past and future, transportation expenses, and out-of-pocket expenses. The losses are either permanent or continuing in nature and the Plaintiff will continue to suffer such losses in the future.

23. As a direct and proximate result of Defendant, BUC-EE'S failure to warn the Plaintiff of any dangerous condition(s) in the parking lot located at 200 World Commerce Pkwy, St. Augustine, about which Defendant, BUC-EE'S, had, or should have had, knowledge greater than that of the Plaintiff, or in other words, due to Defendant, BUC-EE'S negligence and/or breach of its non-delegable duty of care, Plaintiff suffered injury(ies) in and about her body and extremities, resulting in pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation and/or activation of pre-existing injury(ies) and/or condition(s), pre-disposition to further bodily injury(ies), expense of hospitalization, medical and/or nursing services, care, and treatment, loss of earnings in the past and future, loss of the ability to earn in the future, loss of compensation in the past and future, transportation expenses, and out-of-pocket expenses. The losses are either permanent or continuing in nature and the Plaintiff will continue to suffer such losses in the future.

24. As a direct and proximate result of Defendant, BUC-EE'S failure to take action to remedy any dangerous condition(s) in the parking lot located at 200 World Commerce Pkwy, St. Augustine, FL 32092, about which Defendant, BUC-EE'S, had actual knowledge and/or constructive knowledge, or in other words, due to Defendant, BUC-EE'S negligence and/or breach of its non-delegable duty of care, Plaintiff suffered injury(ies) in and about her body and extremities, resulting in pain and suffering, disability, physical impairment, disfigurement,

mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation and/or activation of pre-existing injury(ies) and/or condition(s), pre-disposition to further bodily injury(ies), expense of hospitalization, medical and/or nursing services, care, and treatment, loss of earnings in the past and future, loss of the ability to earn in the future, loss of compensation in the past and future, transportation expenses, and out-of-pocket expenses. The losses are either permanent or continuing in nature and the Plaintiff will continue to suffer such losses in the future.

WHEREFORE, Plaintiff, RAYNA ORRICK, demands judgment for all damages against Defendant, BUC-EE'S, Florida, LLC., in excess of Fifty Thousand Dollars ($50,000.00), as well as all taxable costs, and for any and all further relief this Honorable Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, RAYNA ORRICK, hereby demands trial by jury of all issues so triable as a matter of right.

WHEREFORE, Plaintiff, RAYNA ORRICK, demands judgment for all damages against Defendant, BUC-EE'S, Florida, LLC., in excess of Fifty Thousand Dollars ($50,000.00), as well as all taxable costs, and for any and all further relief this Honorable Court deems just and proper under the circumstances.

RESPECTFULLY submitted this 5th day of June, 2025.

THE INJURY FIRM

/s/ Andres G. Lovera
Andres G. Lovera, Esq.
Florida Bar No.: 1038747

        1608 East Commercial Boulevard
Fort Lauderdale, Florida 33334
Tel.: (954) 951-0000
Fax: (954) 951-1000
Primary E-Mail Service Address:
eservice13@flinjuryfirm.com
Secondary E-Mail Service Address:
records@flinjuryfirm.com
Tertiary E-Mail Service Address
andres@flinjuryfirm.com
*Counsel for Plaintiff*